UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 05-2245

ELDER A. RUIZ-TOVAR,

Petitioner,

versus

ALBERTO R. GONZALES, Attorney General of the
United States,

Respondent.

On Petition for Review of an Order of the Board of Immigration
Appeals.  (A98-350-312)

Submitted:  June 21, 2006        Decided:  July 20, 2006

Before WILKINSON, KING, and GREGORY, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Michele Pistone, VILLANOVA SCHOOL OF LAW, Villanova, Pennsylvania,
for Petitioner.  Peter D. Keisler, Assistant Attorney General,
Michelle Gorden Latour, Assistant Director, Margaret Perry, Senior
Litigation Counsel, Shahira M. Tadross, Office of Immigration
Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C.,
for Respondent.

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Elder Antonio Ruiz-Tovar, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' ("Board") order adopting the immigration judge's decision denying Ruiz-Tovar's applications for asylum and withholding from removal. Ruiz-Tovar contends he suffered past persecution and has a well founded fear of persecution as a result of his membership in the particular social group of persons with intimate knowledge of the Pata-Cuta drug ring and who are perceived as disloyal and untrustworthy by members of that organization. We deny the petition for review.

The INA authorizes the Attorney General to confer asylum on any refugee. 8 U.S.C. § 1158(a) (2000). It defines a refugee as a person unwilling or unable to return to his native country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A) (2000).

An applicant can establish refugee status based on past persecution on account of a protected ground. 8 C.F.R. § 1208.13(b)(1) (2005). "An applicant who demonstrates that he was the subject of past persecution is presumed to have a well-founded fear of persecution." Ngarurih v. Ashcroft, 371 F.3d 182, 187 (4th Cir. 2004). Without regard to past persecution, an alien can

- 2 -

establish a well-founded fear of persecution on a protected ground. Id., 371 F.3d at 187. An applicant has the burden of demonstrating his eligibility for asylum. 8 C.F.R. § 1208.13(a) (2005); Gonahasa v. INS, 181 F.3d 538, 541 (4th Cir. 1999).

A determination regarding eligibility for asylum or withholding of removal is conclusive if supported by substantial evidence on the record considered as a whole. INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992). To the extent the Board's decision was based on a legal determination, review is de novo. Castillo-Arias v. U.S. Atty. Gen., 446 F.3d 1190, 1195 (11th Cir. 2006).

The Board has defined a "persecution on account of membership in a particular social group" within the meaning of the INA to mean "persecution that is directed toward an individual who is a member of a group of persons all of whom share a common, immutable characteristic . . . one that the members of the group either cannot change, or should not be required to change because it is fundamental to their individual identities or consciences." Matter of Acosta, 19 I. & N. Dec. 211, 233-34 (B.I.A. 1985), overruled on other grounds by Matter of Mogharrabi, 19 I. & N. Dec. 439 (B.I.A. 1987).

The phrase "particular social group" is without definition. If the statute is silent or ambiguous as to the definition of particular social group, the Board's interpretation

of the statute will govern if it is reasonable. See Chevron v. Natural Res. Def. Council, Inc., 467 U.S. 837, 843 (1984); see also Asika v. Ashcroft, 362 F.3d 264, 268-69 (4th Cir. 2004).

We find the Board's finding that Ruiz-Tovar did not belong to a particular social group for asylum purposes was reasonable. We further find substantial evidence supports the Board's findings that even if Ruiz-Tovar was the member of a particular social group, he did not show past persecution or a well-founded fear of persecution.

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED